## B. BORCHARDT CO. v. YARYAN NAVAL STORES CO.

(District Court, S. D. Georgia, E. D.    August 2, 1913.)

RECEIVERS (§ 120*)—RECEIVERS' CERTIFICATES.

Where only one small creditor objected to the issuance of receivers' certificates, 85 per cent. of the creditors joining in the request for the issuance, and it was manifestly to the interest of all parties before the court that they be issued, the receivers were ordered to pay the claim of the objecting creditor and issue the certificates.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 208; Dec. Dig. § 120.*]

Action by the B. Borchardt Company against the Yaryan Naval Stores Company. On petition of receivers for defendant for authority to issue certificates. Petition allowed.

Bennet, Twitty & Reese and Max Isaac, all of Brunswick, Ga., and A. H. Heyward, Jr., of Macon, Ga., for receivers.

Bolling Whitfield, of Brunswick, Ga., for objecting creditor.

SPEER, District Judge (orally). This is a case wherein the flexible powers of a court of equity are invoked to conserve, not only the interests of the parties actually before the court, but a great venture, which may be of inestimable service to a whole people. It would be singularly unfortunate if the court did not have the power. Three years ago in that empire once covered by the majestic pine forests of Georgia there was everywhere incalculable waste. It was in the decaying tree tops, which had been left by the ax of the lumberman. It was in the millions of stumps, which disfigure the cleared fields, and which interfere with the operations of the farmer and the husbandman. A genius in chemistry, Mr. Homer T. Yaryan, who has devoted his astonishing original powers and his mastery of that occult science to the special task of extracting values from various materials, values to be utilized commercially and in the arts for the benefit of mankind, has evolved a system by which all this waste may be conserved—not only conserved, but transmuted into gold, by turning these waste products into rosin and turpentine, known as "naval stores." The probability of immense benefit, not only to those far-sighted men in the great state of Ohio who took part with him, but also to thousands of other people among whom this court exercises its jurisdiction, and whose every interest is and should be dear to its every motive and purpose, is incontestible. It is true that there has been some loss—indeed, considerable loss—in building the plant, in the initiative operations, and in vast experiments to cheapen operation and augment production. This is now behind these enterprising and far-sighted men. Certainly there has been the most astonishing success. The testimony of Mr. Brailey demonstrates that all of this waste material belonging to the Southern farmers is of great commercial value. If the demonstration progresses proportionately as it seems it may do, this process may be of scarcely less value to the people of South Georgia and oth-

er Southern states, where pine forests grew and are now growing, than the cotton crop itself.

The process relates only to dead material; it has no relation to the growing pine. He has an exceedingly small regard for the day and time in which he lives who would refuse the opportunity to men when they wish to pay the privilege of expending their own money for continuing this demonstration and bringing to profitable fruition the labors which have been designed by the genius who discovered the process. I cannot find it in my heart to do this. It is, besides, the best thing for the creditors. This is plain enough. These receivers' certificates in my judgment ought to be issued. Eighty-five per cent. of the creditors unite in the purpose of the bill. Eighty per cent. of the stockholders agree to underwrite the certificates. Among all the creditors, only one party, the Fulton Bag Company, owning a claim of $300, comes forward to object. It has the right to object. It is entitled to have its $300 paid. It threatens to make trouble for these receivers' certificates. It has the legal right to attempt this, however much we may question its wisdom. But, in order that it may not make great trouble for the progress promising so much, the court directs that the receivers pay its $300. This is all it can ask. The receivers' certificates will be issued, and these citizens of Ohio who manifest the purpose to do so much for the Southern people will, so far as my power goes, be accorded the opportunity. In a long judicial life, never have I seen the promise of such amazing benefits in any project for the betterment of all before the court and the people at large.